UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04290-WLH-MAR | Date | July 21, 2026 |
| Title | ***Keith Feder, M.D., Inc. v. Marathon Petroleum Company, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]**

The Court is in receipt of Plaintiff's Motion to Remand, filed on May 1, 2026. (Mot. to Remand ("Mot."), Dkt No. 16). The parties jointly stipulated to waive oral argument on the matter. For the reasons explained herein, the Court **DENIES** Plaintiff's Motion to Remand.

## I. BACKGROUND

### A. Procedural Background

On February 19, 2026, Plaintiff Keith Feder, M.D., Inc. filed a complaint in the Superior Court of Los Angeles County alleging claims of negligent misrepresentation and promissory estoppel. (*See generally* Notice of Removal, Ex. A, Dkt. No. 1-1 (the "Complaint")). The Complaint identified on its cover page an amount in controversy of $74,999. (*Id.*). On April 22, 2026, Defendant removed the action to this Court, alleging that the amount in controversy was in fact greater than the $75,000 minimum and invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* ¶ 10(b)). Plaintiff moved to remand the case on May 1, 2026. (Mot.). Defendant filed its Opposition on May 22, 2026. (Opp'n, Dkt. No. 30). Plaintiff filed its Reply on June 12,

2026. (Reply, Dkt. No. 33). On June 26, 2026, the Court ordered the parties to meet and confer regarding a joint stipulation to a recovery cap of $74,999 or less and then remand to the Superior Court. (Order Re: Motion to Remand, Dkt. No. 36). The parties were unable to reach an agreement. (*See* Status Report, Dkt. No. 38).

**B. <u>Factual Background</u>**

Plaintiff Keith Feder, M.D., Inc. is a medical provider within the state of California. Defendant Marathon Petroleum Company is a principal of agent Anthem Blue Cross Life and Health Insurance Co. in connection with "stating the manner of payment for medical services and providing other administrative services relating to the Patient's and Defendant's health plan." (Compl. ¶¶ 1–3). The Patient allegedly was an insured of Defendant (*id.* ¶ 8) and received medical services from Plaintiff (*id.* ¶ 22). Plaintiff alleges that Defendant negligently misrepresented that Defendant would reimburse Plaintiff at the usual, reasonable, and customary ("UCR") amount (*id.* ¶ 30), for the services which Plaintiff then provided to the Patient in reliance on Defendant's statements (*Id.* ¶ 39). Plaintiff further alleges the amount paid by Defendant was below the UCR value. (*Id.* ¶ 43).

Plaintiff contends that it was damaged by not receiving payment at the represented UCR rate (*id.* ¶ 50), which is "to be determined at the time of trial." (*Id*. ¶ 59). Plaintiff specifically seeks (1) compensatory damages "*in an amount to be determined*," plus statutory interest, (2) restitution in an amount to be determined, plus statutory interest, (3) a declaration of Defendant's obligation to pay and (4) other relief that the Court deems appropriate. (*Id*. at 20) (emphasis added).

In its Opposition, Defendant furnishes evidence that the Patient incurred $109,695 in charges for medical services, which Plaintiff submitted to Defendant. Of that amount,

Defendant paid $17,740.86 and agreed to pay $22,473.67.[1] (Opp'n, Ex. A, Dkt. No. 30-2 at 3; Bucher Declaration in Support of Opposition ("Bucher Decl."), Dkt. No. 30-1 ¶ 9). Defendant thus contends that the amount in controversy is $87,221.33—the difference between what Plaintiff billed and what Defendant agreed to pay. (Opp'n at 4).

## II. DISCUSSION

### A. Legal Standard

To invoke this Court's diversity jurisdiction, a controversy must exceed the value of $75,000 and the parties must have complete diversity. 28 U.S.C. § 1332(a). The amount in controversy is determined by total relief the court may grant in response to the operative complaint. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Bald assertion[s] on the cover page of the complaint" that the amount in controversy is less than $75,000 are not sufficient when the allegations in the complaint conflict with this amount. *Emsurgcare v. UnitedHealthcare Insurance Co.*, cv-24-4612-PSG-SSCx, 2024 WL 3742707 at *3 (C.D. Cal. Aug. 8, 2024).

[1] Defendant's Opposition states the number it agreed to pay as $23,473.47, while the Bucher Declaration and Exhibit A state it as $22,473.67. Having reviewed Defendant's calculations, the Court understands the operative amount to be $22,473.67.

Where it is facially ambiguous on the complaint whether the requisite amount in controversy was pled, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement in order to establish removal jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). But when a plaintiff contests a defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also Kilkenny v. General Motors, LLC*, 812 F.Supp.3d 985, 990 (N.D. Cal. 2025) (discussing plaintiff's inability to overcome defendant's preponderance of the evidence if plaintiff were to factually challenge the amount in controversy, when plaintiff submitted no contrary evidence).

**B. Analysis**

Here, the parties do not dispute complete diversity—only the amount in controversy. In the instant Motion, Plaintiff contests Defendant's amount in controversy calculation without citing evidence to the contrary. (Reply at 3). Plaintiff primarily argues that the amount in controversy should be determined based on the UCR value rather than the amount billed but does not provide any evidence that the UCR value is in fact less than the amount billed. (*See* Mot. at 2). While Plaintiff's Complaint states on its cover page that the total damages at issue are equal to $74,999 (Compl. ¶ 50), the Complaint also alleges that the amount in damages incurred is the UCR value not paid, in an amount "to be determined at trial," (Compl. ¶ 59). Plaintiff also states that its "charges are usual, customary, and reasonable," and that it billed Defendant "the same fees that it charges all other payors," (*id.* ¶ 17), implying that it billed Defendant at the UCR rate.

Because these representations are in direct conflict with each other with the evidence submitted supporting only the greater amount, the Court must conclude that the amount in controversy is in fact $75,000 or more. *See generally Guglielmino*, 506 F.3d at 698-701 (affirming that the defendant met its burden of demonstrating by a preponderance of the evidence that the amount in controversy was greater than $75,000 when the actual allegations in the complaint would warrant such an amount, and denying the motion to remand despite plaintiff filing an affidavit stating it was not seeking damages in excess of $75,000); *see also Emsurgcare*, 2024 WL 3742707, at *3 (holding insufficient the plaintiff's assertion on the cover page of its complaint that damages were less than $75,000 when defendant met its burden to demonstrate the disputed UCR amount was greater than $75,000).

By furnishing a declaration from a benefits analyst employed by Defendant with personal knowledge of the facts, (*see generally* Bucher Decl.), the fee chart stating the charges by Plaintiff to Defendant, the amount agreed to be paid and the amount actually paid, (Opp'n, Ex. A), and the Explanation of Benefits regarding the individual claims (*id.*, Ex. B), the Court finds that Defendant has shown by a preponderance of the evidence that the amount billed was greater than $75,000. This evidence shows that the amount in controversy is, at minimum, the difference between $109,695 (what Plaintiff billed) and $22,473.67 (what Defendant has agreed to pay), which yields an amount greater than the jurisdictional minimum: $87,221.33. (Bucher Decl. ¶ 9; Opp'n, Ex. A).

## III. CONCLUSION

Accordingly, the Court finds by a preponderance of evidence that the amount in controversy in this action is greater than $75,000. The Court therefore **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**